Mark C. Tatum, SBN 295457
Sean B. Cooney, SBN 286397
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone:   (949) 475-1500
Facsimile:   (949) 475-0016

Attorneys for Defendant
Sprint Communications Company, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERLA MAGENO,<br><br>            Plaintiff,<br><br>      v.<br><br>SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware limited partnership, and DOES 1-20,<br><br>            Defendants. | Case No.<br><br>NOTICE OF REMOVAL |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Sprint Communications Company, L.P.[1] ("Sprint"), through counsel, removes the above-referenced case from the State of California's Los Angeles County Superior Court to the United States District Court for the Central District of California, Western Division.

---

[1] Plaintiff has erroneously sued Sprint Communications Company, L.P.

8469626 V4

## REMOVAL IS TIMELY

1. On October 2, 2017, an action entitled PERLA MAGENO v. SPRINT COMMUNICATIONS COMPANY, L.P., was filed in the Superior Court for the County of Los Angeles, Case No. EC067334. A true and correct copy of the Complaint is attached as Exhibit A to this Notice of Removal.

2. Plaintiff alleges in her Complaint that she is legally blind and cannot use a computer without the assistance of screen-reading software. (Complaint, ¶ 8.) Plaintiff further alleges that she encountered multiple accessibility barriers for blind or visually impaired people while attempting to access Sprint's website. (Complaint, ¶¶ 8, 32.) Plaintiff contends that Defendant's alleged actions, in failing to design, construct, maintain and operate its website to be fully accessible to and independently useable by Plaintiff and other blind or visually impaired people constitutes a violation of Civil Code section 51, the Unruh Civil Rights Act. (Complaint, ¶ 2.)

3. Sprint's registered agent for service of process was served with the Complaint on October 6, 2017. A true and correct copy of the documents served on Sprint's registered agent is attached to this Notice as Exhibit A.

4. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. To trigger the 30-day removal period, the defendant must receive the summons and complaint by proper service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Because 30 days from October 6, 2017 falls on a weekend, defendant has until November 6, 2017 to remove. Fed. R. Civ. P. 6; Cal. Civ. Proc. Code § 12; *Yanik v. Countrywide Home Loans, Inc.*, No. 13-3031 JSC, 2010 U.S. Dist. LEXIS 115717, at *9 n.6, 2010 WL 4256312, at *3 n.6 (C.D. Cal. Oct. 18, 2010). Thus, removal is timely.

## JURISDICTION AND VENUE

5.     Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446, because this action was pending in Los Angeles County Superior Court.

## REMOVAL BASED ON 28 U.S.C. § 1332(a).

6.     Court has original jurisdiction over this lawsuit under 28 U.S.C. § 1332, and this diversity action is removable to this Court under 28 U.S.C. §§ 1441 and 1446. Suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The amount in controversy exceeds $75,000. *Id.* § 1332(a).

### A.     Complete Diversity Of Citizenship Exists Between Plaintiff And Sprint

7.     Plaintiff Perla Mageno is a resident of Los Angeles, California. (Complaint, ¶ 8.)

8.     Sprint is a Delaware partnership with its principal place of business in Overland Park, Kansas. (Complaint, ¶ 10.) A corporation is considered a citizen of both the state under whose laws it was organized and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, Sprint is a citizen of both Delaware and Kansas.

9.     Complete diversity exists between Plaintiff and Sprint.

### B.     The Amount in Controversy Exceeds $75,000

10.     The amount in controversy in this case exceeds $75,000, exclusive of interest and costs. While Defendant disputes any liability in this case, a review of the damages potentially recoverable under the Unruh Act and Plaintiff's theory of liability, which involves repeating claims and alleged ongoing violations by Sprint,

demonstrates that the amount of monetary damages sought by Plaintiff in the Complaint satisfies the "good faith" requirement purposes of removal under 28 U.S.C. § 1446(c)(2).

11. In order to show that the amount in controversy requirement is satisfied, a defendant need only demonstrate by a preponderance of the evidence that a plaintiff's claims meet the jurisdictional minimum. 28 U.S.C. § 1446(c)(2)(b). In determining whether the jurisdictional minimum is met, the Court is entitled to and should consider all recoverable damages sought by Plaintiff, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. The court may also consider the value of nonmonetary relief sought. 28 U.S.C. § 1446 (c)(2)(A)(i). Where a plaintiff seeks injunctive relief, the amount in controversy for the purposes of removal may be calculated by examining the cost to the defendant of complying with the injunction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 859 (9th Cir. 2001); *In re Ford Motor Co./Citibank*, 264 F.3d 952, 958-99 (9th Cir. 2001).

12. The removing defendant meets its burden of establishing the jurisdictional minimum amount in controversy if it establishes that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez v. Monumental LifeIns. Co.*, 102 F3d 398, 403-04 (9th Cir. 1996). A defendant can establish the amount in controversy by the allegations in a complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy exceeds $75,000. *Green v. Party City Corp.*, No. CV-01-09681, 2002 WL 553219, at *2 (C.D. Cal. 2002) (noting that if the complaint is silent on the amount of damages claimed, the court may consider facts in the removed petition); *Gaus v. Miles, Inc.*, 980 F.2d 564, 576 (9th Cir. 1992).

13. Here, Plaintiff alleges a cause of action against Sprint for violation of California Civil Code § 51, the Unruh Civil Rights Act. (Complaint, ¶ 2.) Plaintiff seeks statutory penalties, attorneys' fees, and "a preliminary and permanent injunction

enjoining Defendant from further violations of the UCRA, Civil Code § 51 et seq. with respect to its website "www.Sprint.com." (Complaint, Prayer for Relief, ¶ 2.)

14. The face of the Complaint alleges an amount in controversy of at least $74,999, plus attorneys' fees. (Complaint, ¶¶ 47-48 [alleging injunctive relief of "$50,000 or less" and statutory damages of $24,999].) Because the Unruh Civil Rights Act provides for the recovery of attorneys' fees (Cal. Civ. Code § 52(a)), and it is entirely reasonable if not legally certain that Plaintiff has incurred over $1 in attorneys' fees to date, the total amount in controversy exceeds the jurisdictional limit of $75,000. Moreover, as described below, Plaintiff's request for injunctive relief will cost Sprint far in excess of Plaintiff's estimate of $50,000.

15. <u>Monetary Damages</u>: Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," subject to certain exceptions, such as nonmonetary relief, discussed below. *See* 28 U.S.C. § 1446(c)(2). Here, Plaintiff has alleged monetary damages up to $24,999 (Complaint, ¶ 48 [alleging statutory damages "shall not exceed $24,999"]).

16. The Unruh Act allows for recovery of a statutory minimum of $4,000 "for each and every offense" of its provisions. Cal. Civ. Code § 52(a). "Each offense is each time the plaintiff visits the non-compliant place of public accommodation *or* each specific instance in which the plaintiff is deterred from attempting to visit." *Molski v. Rapazzini Winery,* 400 F. Supp. 2d 1208, 1211-1212 (N.D. Cal. 2005) (emphasis added), *citing Arnold v. United Artists Theatre Circuit, Inc.* 866 F. Supp. 433 (N.D. Cal. 1994); Cal. Civ. Code § 55.56(b).

17. Plaintiff alleges she has experienced violations "on several separate occasions" when visiting Sprint's website. (Complaint, ¶¶ 29-30.) She also alleges that she "continues to be deterred on a regular basis" from accessing Sprint's website and its brick-and-mortar locations. (Complaint, ¶ 35.) Specifically, Plaintiff alleges:

a. "Plaintiff has visited www.Sprint.com ***on multiple separate occasions*** using the JAWS screen-reader. During Plaintiff's ***separate visits*** to

Defendant's website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods, and services offered to the public and made available to the public on Defendant's website. Due to the widespread access barriers Plaintiff encountered on Defendant's website, ***Plaintiff has been deterred, on a regular basis***, from accessing Defendant's website." (Complaint, ¶ 8 [emphasis added].)

   b. "The access barriers Plaintiff encountered on Defendant's website have deterred Plaintiff from visiting Defendant's brick-and-mortar locations." (Complaint, ¶ 9.)

   c. "Starting in September 2017, on two separate occasions, Plaintiff attempted to do business with Defendant on www.Sprint.com and Plaintiff encountered barriers to access on the website." (Complaint, ¶ 33.)

   d. "Plaintiff, as a result of the barriers on the Defendant's website, ***continues to be deterred on a regular basis*** from accessing Defendant's website. Likewise, based on the numerous access barriers Plaintiff has been impeded from the full and equal enjoyment of goods and services offered in connection with Defendant's brick-and-mortar locations." (Complaint, ¶ 35 [emphasis added].)

   e. "Defendant is violating the UCRA, Civil Code § 51 *et. Seq.*, by denying visually-impaired customers the goods and services provided on its website. ***These violations are ongoing***." (Complaint, ¶ 44 [emphasis added].)

  18. Given Plaintiff's allegation that she has visited Sprint's website and experienced purported access barriers on "multiple separate occasions", that she has been continuously deterred from accessing the website and brick-and-mortar on a "regular" and "ongoing" basis, and that she is alleging up to $24,999 in statutory damages, Plaintiff clearly is seeking to demonstrate grounds for recovery based on numerous individual "offenses" at $4,000 per offense. Accordingly, the Complaint alleges at least $24,999 in monetary damages.

19. <u>Nonmonetary Damages</u>.  The Court may also consider the cost of nonmonetary relief alleged in Plaintiff's Complaint. 28 U.S.C. § 1446(c)(2)(A)(i).  In addition to monetary damages, Plaintiff seeks "a preliminary and permanent injunction enjoining Defendant from further violations of the UCRA, Civil Code § 51 et seq. with respect to its website "www.Sprint.com." (Complaint, Prayer for Relief, ¶ 2.)  In the context of single-plaintiff cases, the Ninth Circuit has adopted an "either viewpoint" rule such that "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (South Dakota)*, NA, 264 F.3d 952, 958 (9th Cir. 2001); *see Sanchez*, 102 F.3d at 405 n. 6 (observing how the 9th Circuit "rejected the 'plaintiff-viewpoint' rule, which states that courts attempting to determine the value of a claim for purposes of the amount in controversy requirement should look only to the benefit to the plaintiff, rather than to the potential loss to the defendant."), *citing Ridder Bros, Inc. v. Blethen, et al.*, 142 F.2d 395, 398 (9th Cir. 1944) (noting "if the value of the thing to be accomplished [is] equal to the dollar minimum of the jurisdictional amount requirement to anyone concerned in the action, then jurisdiction [is] satisfied."). Accordingly, to the extent the cost of remedying the alleged issues with Sprint's website, combined with Plaintiff's alleged monetary damages, exceeds $75,000, the amount in controversy requirement is met.

20. Plaintiff attempts to limit the cost of her injunctive relief to $50,000 in an effort to evade Federal jurisdiction. (Complaint, ¶ 47.)  However, implementing the changes sought in Plaintiff's complaint would significantly exceed this amount.  The cost of compliance with Plaintiff's request alone would meet the minimum amount in controversy for removal.  Plaintiff alleges "multiple accessibility barriers for blind or visually impaired people", including inability to access the "store locator", inability to purchase items because she could not identify items for purchase, as well as "unlabeled links and graphics" and "lack[] of headings causing [the website] to be exceeding unwieldy and difficult to navigate."  (Complaint, ¶ 32.)  Due to the

complexity and labor intensive nature of assessing a website (which includes examining the website at the code level), the cost of performing an initial accessibility audit based on Plaintiff's complaints is upwards of $100,000. (Declaration of Justin Kramp, ¶ 7.) Sprint would incur subsequent costs to implement changes to the Website. (*Id.*) To the extent Sprint would be required to develop a new "Store Locator" feature on the Website to implement or revise accessibility features in response to Plaintiff's claims, Sprint would likely incur costs in the range of $250,000 to $500,000. (*Id.* at ¶ 8.)

21. <u>Attorneys' Fees</u>. Plaintiff also seeks attorneys' fees "without limitation" in her Complaint. (Complaint, Prayer for Relief, ¶ 4.) Attorneys' fees are recoverable as a matter of right for prevailing parties under the Unruh Act. Accordingly, the Court may consider such fees when determining the amount in controversy. Cal. Civ. Code § 52(a); *see Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Significantly, courts in the Central District have held that estimated fees during the litigation may be considered as part of the amount in controversy. *See, e.g., Oganesyan v. AT&T Mobility Servs., LLC*, 2014 U.S. Dist. LEXIS 132126 *7 (C.D. Cal. Sept. 18, 2014) (holding that where an underlying statute permits recovery of attorneys' fees, "the Court does not merely consider those fees which have already incurred; rather, it looks to the amount that can be reasonably estimated" when determining the amount in controversy).

22. To date, Plaintiff has incurred fees preparing, filing, and serving the Complaint. Applying even the most conservative estimate of attorneys' fees, Plaintiff has undoubtedly incurred in excess of $1 in fees at the time of removal. Because the face of the Complaint alleges at least $74,999 in damages, *plus fees*, the combined alleged damages and expected attorneys' fees in this case exceed $75,000.

23. Although Plaintiff has already incurred sufficient fees to satisfy the jurisdictional minimum, an attorneys' fee award alone in this case could easily meet or surpass $75,000 through trial. Indeed, assuming an hourly rate of $300, Plaintiff's counsel need only recover fees for 250 hours of work to satisfy the jurisdictional minimum. Based on other accessibility litigation, it is reasonably plausible that the expected attorneys' fees in this case will exceed $75,000 through trial (though Sprint disputes all claims for damages and attorneys' fees). *See Chapman v. Pier 1 Imps. (U.S.), Inc.,* 2017 U.S. Dist. LEXIS 37257, *12 (E.D. Cal. March 15, 2017) (attorneys' fees awarded to Plaintiff in the sum of $312,253).

## REMOVAL IS PROPER

24. As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

25. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants have been properly joined and served must join in or sent to the removal of the action." No other defendant must join in or consent to this removal as Sprint is the only properly served defendant.

26. As required by 28 U.S.C. § 1446(a), attached are copies of all process, pleadings, and orders in this action that are in the possession of Sprint. A true and correct of Perla Mageno's Summons, Complaint, Civil Cover Sheet and addendum, Notice of Case Assignment, and General Order are attached hereto as Exhibit A. The Proof of Service filed by Plaintiff is attached hereto as Exhibit B. This constitutes all process, pleadings and orders received to date in this matter by Sprint. 28 U.S.C. § 1446(a).

27. As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Sprint concurrently filed its Certificate of Interested Parties and Corporate Disclosure Statement.

///

8469626 V4

28. Pursuant to 28 U.S.C. § 1446(d), Sprint is filing a copy of this Notice of Removal with the clerk of the Superior Court of California, County of Los Angeles and providing written notice of the removal of this action to Plaintiff.

November 6, 2017

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ Sean B. Cooney
Mark Tatum
Sean B. Cooney
Attorneys for Defendant
SPRINT COMMUNICATIONS COMPANY, L.P.

8469626 V4