Exhibit A3 – Complaint

From:                                       10/02/2017 09:41      #203 P.009/019

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff PERLA MAGENO

**FILED**
LOS ANGELES SUPERIOR COURT
OCT 02 2017
Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
**C. LUNA**

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PERLA MAGENO, an individual<br><br>Plaintiff,<br><br>v.<br><br>SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware limited partnership; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: **EC 067334**   FILED BY FAX<br><br>**COMPLAINT** |

Case assigned to North Central District - Glendale
600 E. Broadway, Glendale, CA 91206
for all further proceedings.

Plaintiff PERLA MAGENO ("Plaintiff") alleges the following upon information and belief based upon personal knowledge:

### INTRODUCTION

1. Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using a computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

---

COMPLAINT
1

2. Plaintiff brings this civil rights action against Defendant SPRINT COMMUNICATIONS COMPANY, L.P. ("Defendant") for its failure to design, construct, maintain, and operate its website www.Sprint.com (the "website" or "Defendant's website") to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people. Defendant's denial of full and equal access to its website and therefore denial of its products and services offered thereby and in conjunction with its brick-and-mortar locations, is a violation of Plaintiff's rights under the California's Unruh Civil Rights Act ("UCRA").

3. The California Legislature provided a clear and statewide mandate for the elimination of discrimination against individuals with disabilities when it enacted the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Discrimination sought to be eliminated by the Unruh Civil Rights Act ("UCRA") includes barriers to full integration, independent living and equal opportunity for individuals with disabilities, which then necessarily includes barriers created by websites and other places of public accommodation that are inaccessible to blind and visually-impaired individuals.

4. Plaintiff brings also this action acting as a "private attorney general" as permitted under the UCRA to privatize enforcement of the civil rights without the citizens of the State of California bearing the financial tax burden for such action.

5. Because Defendant's website is not equally, independently or fully accessible to blind and visually-impaired consumers in violation of the UCRA, Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually-impaired consumers.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action. This Court has personal jurisdiction over Defendant because it conducted and continues to conduct substantial business in the State of California, County of Los Angeles, and Defendant's offending website is available throughout California.

7. Venue is proper in this Court because Defendant conducts substantial business in this County. Venue is also proper because a substantial portion of the conduct complained of herein occurred in this District.

**COMPLAINT**
2

## PARTIES

8. Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of Los Angeles. Plaintiff is legally blind and cannot use a computer without the assistance of screen-reading software (otherwise known as a "screen-reader"). However, Plaintiff is a proficient user of the JAWS screen-reader and uses it to access the internet. Plaintiff has visited www.Sprint.com on multiple separate occasions using the JAWS screen-reader. During Plaintiff's separate visits to Defendant's website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public on Defendant's website. Due to the widespread access barriers Plaintiff encountered on Defendant's website, Plaintiff has been deterred, on a regular basis, from accessing the website.

9. The access barriers Plaintiff encountered on Defendant's website have deterred Plaintiff from visiting Defendant's brick-and-mortar locations.

10. Plaintiff is informed and believes, and thereon alleges Defendant is a company registered in Delaware, and has its principal place of business in Overland, Kansas. Defendant operates brick-and-mortar locations in Los Angeles County, California. Defendant's locations constitute places of public accommodation. Defendant's website provides consumers with access to an array of goods, services and information related to Defendant's brick-and-mortar locations including store locations, product descriptions and sale information, discount offers, gift card sales, and many other benefits.

11. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

12. At all relevant times as alleged herein, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified

---

COMPLAINT
3

by, each of the other Defendants (Defendant, together with any DOE Defendants, are collectively referred to hereinafter as "Defendant" or "Defendants").

## VISUALLY IMPAIRED PERSONS' ACCESS TO THE INTERNET

13. The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind and visually-impaired persons alike. As an essential tool for many Americans, when accessible, the Internet provides individuals with disabilities great independence. Blind persons are able to access websites using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen. This technology is known as screen-reading software. Except for legally blind individuals whose residual vision allows them to use magnification, screen-reading software is currently the only method a blind person can fully and independently access the internet.

14. Blind and visually-impaired users of Windows computers and devices have several screen-reading software programs available to them.

15. Job Access With Speech, otherwise known as "JAWS," is currently the most popular, separately purchased screen-reading software program available for Windows.

16. For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind or visually-impaired user is unable to access the same content available to sighted users using their keyboards because they are unable to see the screen or manipulate a mouse.

17. Screen-reading software is currently the only method a blind or visually-impaired person may independently access the internet, websites and other digital content.

18. If the website content is not capable of being rendered into text, the blind or visually-impaired user is unable to access and navigate the same content on a website or mobile app that is available to sighted users.

19. There are well-established industry adopted guidelines for making websites accessible to visually-impaired people who require screen-reading software programs. These guidelines have existed for at least several years and are successfully followed by large business entities who want to

ensure their websites are accessible to all persons. The Web Accessibility Initiative ("WAI"), an initiative of the World Wide Web Consortium developed guidelines on website accessibility. Through Section 508 of the Rehabilitation Act, the federal government also promulgated website accessibility standards establishing WCAG 2.0 AA, promulgated by the WAI, as the standard for federal government websites. These guidelines, easily found on the Internet, recommend several basic components for making websites accessible, including, but not limited to: adding invisible alt-text to graphics; ensuring all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible and adding headings so blind and visually-impaired people can navigate websites and mobile applications just as sighted people do. Without these basic components, websites and mobile applications are inaccessible to a blind person using screen-reading software.

20. Common barriers encountered by blind and visually impaired persons include, but are not limited to, the following:

    a. A text equivalent for every non-text element is not provided;

    b. Title frames with text are not provided for identification and navigation;

    c. Equivalent text is not provided when using scripts;

    d. Forms with the same information and functionality as for sighted persons are not provided;

    e. Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

    f. Text cannot be resized without assistive technology up to 200 percent without loss of content or functionality;

    g. If the content enforces a time limit, the user is not able to extend, adjust or disable it;

    h. Web pages do not have titles that describe the topic or purpose;

    i. The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;

    j. One or more keyboard operable user interface lacks a mode of operation where

COMPLAINT
5

the keyboard focus indicator is discernible;

k. The default human language of each web page cannot be programmatically determined;

l. When a component receives focus, it may initiate a change in context;

m. Changing the setting of a user interface component may automatically cause a change of context where the user has not been advised before using the component;

n. Labels or instructions are not provided when content requires user input;

o. In content which is implemented by using markup languages, elements do not have complete start and end tags, elements are not nested according to their specifications, elements may contain duplicate attributes and/or any IDs are not unique;

p. Inaccessible Portable Document Format (PDFs); and,

21. The name and role of all User Interface elements cannot be programmatically determined; items that can be set by the user cannot be programmatically set; and/or notification of changes to these items is not available to user agents, including screen-reading software.

## FACTUAL BACKGROUND

22. Defendant offers the commercial website www.Sprint.com, to the public.

23. The website offers features which should allow all consumers to access the goods and services offered in connection with its brick-and-mortar locations.

24. Defendant's website provides consumers with access to an array of goods, services and information related to Defendant's brick-and-mortar locations including store locations, product descriptions, sale information and many other benefits.

25. Based on information and belief, it is Defendant's policy and practice to deny Plaintiff, along with other blind or visually-impaired users, access to Defendant's website, and to therefore specifically deny the goods and services that are offered and integrated with Defendant's brick-and-mortar locations and otherwise.

26. Due to Defendant's failure and refusal to remove access barriers to its website,

Plaintiff and visually-impaired persons have been and are still being denied equal access to Defendant's brick-and-mortar locations and the numerous goods, services, privileges, and benefits offered to the public through Defendant's website.

27. Plaintiff cannot use a computer without the assistance of screen-reading software.

28. However, Plaintiff is a proficient user of the JAWS screen-reader and uses it to access the Internet.

29. Plaintiff has visited Defendant's website on several separate occasions using the JAWS screen-reader.

30. During Plaintiff's separate visits to Defendant's website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public on Defendant's website.

31. Due to the widespread access barriers Plaintiff encountered on Defendant's website, Plaintiff has been deterred, on a regular basis, from accessing Defendant's website. Similarly, the access barriers Plaintiff encountered on Defendant's website have deterred Plaintiff from visiting Defendant's brick-and-mortar locations.

32. While attempting to navigate www.Sprint.com, Plaintiff encountered multiple accessibility barriers for blind or visually-impaired people that include, but are not limited to:

   a. Plaintiff could not locate a store near her because the store locator is inaccessible. When attempting to use the store locator Plaintiff tabbed into a cursor trap.

   b. Plaintiff could not purchase items because she could not identify items for purchase and could not hear descriptions of items offered for purchase.

   c. Further the website contains unlabeled links and graphics and at least one cursor trap making navigation difficult. The website also lacks headings causing it to be exceedingly unwieldy and difficult to navigate. Because of this and other barriers, Plaintiff was unable to fully and independently access the Website.

33. Starting in September of 2017, on two separate occasions, Plaintiff attempted to do

business with Defendant on www.Sprint.com and Plaintiff encountered barriers to access on the website.

34. Despite past and recent attempts to do business with Defendant on its website, the numerous access barriers contained on the website and encountered by Plaintiff have denied Plaintiff full and equal access.

35. Plaintiff, as a result of the barriers on the Defendant's website, continues to be deterred on a regular basis from accessing Defendant's website. Likewise, based on the numerous access barriers Plaintiff has been impeded from the full and equal enjoyment of goods and services offered in connection with Defendant's brick-and-mortar locations.

36. Due to the inaccessibility of www.Sprint.com, blind and visually-impaired customers such as Plaintiff, who need screen-readers, cannot fully and equally use or enjoy the facilities, privileges, goods, and/or services Defendant offers to the public on its website.

37. If www.Sprint.com were equally accessible to all, Plaintiff could independently navigate the website and complete a desired transaction as sighted individuals do.

38. Having made many attempts to use Defendant's website, Plaintiff has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

39. There are readily available, well established guidelines, available to Defendant on the Internet, for designing, constructing and maintaining websites to be accessible to blind and visually-impaired persons. Other large business entities have used these guidelines, or have otherwise been able, to make their websites accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. In addition, incorporating these basic changes and adding certain elements to Defendant's website accessible would not fundamentally alter the nature of Defendant's business nor would it result in an undue burden to Defendant. Because maintaining and providing a website where all functions can be performed using a keyboard would provide full, independent and equal access to all consumers to www.Sprint.com, Plaintiff alleges that Defendant has engaged in acts of intentional discrimination including, but not limited to the following policies or practices:

a. Construction and maintenance of a website that is inaccessible to visually-impaired individuals, including Plaintiff;

b. Failure to construct and maintain a website that is sufficiently intuitive so as to be equally accessible to visually-impaired individuals, including Plaintiff; and,

c. Failure to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually-impaired consumers, such as Plaintiff, as a member of a protected class.

40. Although Defendant may currently have centralized policies for maintenance and operation of its website, Defendant lacks a plan and policy reasonably calculated to make its website fully and equally accessible to, and independently usable by, blind and other visually-impaired consumers, including Plaintiff.

41. Without injunctive relief, Plaintiff and other visually-impaired consumers will continue to be unable to independently use Defendant's website in violation of their rights.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* [WWW.SPRINT.COM]

### (By Plaintiff Against All Defendants)

42. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

43. California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

44. Defendant's brick-and-mortar locations are "business establishments" within the meaning of the Civil Code § 51 *et seq.* Defendant generates millions of dollars in revenue through its website. Defendant's website is a service provided by Defendant that is inaccessible to patrons who are blind or visually-impaired like Plaintiff. This inaccessibility denies blind and visually-impaired patrons full and equal access to the facilities, goods, and services that Defendant makes available to

the non-disabled public. Defendant is violating the UCRA, Civil Code § 51 *et seq.*, by denying visually-impaired customers the goods and services provided on its website. These violations are ongoing.

45. Defendants' actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because of the following: Defendant has constructed a website that is inaccessible to Plaintiff; Defendant maintains the website www.Sprint.com in this inaccessible format; and, Defendant has failed to take action to correct and remove these barriers even after being on notice of the discrimination that such barriers cause to persons with Plaintiff's disability.

46. Defendant is also violating the UCRA, Civil Code § 51 *et seq.* because the conduct alleged herein violates various provisions of the ADA, 42 U.S.C. § 12101 *et seq.*, as set forth above. Section 51(f) of the Civil Code provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA.

47. The actions of Defendant violate UCRA, Civil Code § 51 *et seq.*, and Plaintiff is therefore entitled to injunctive relief remedying the discrimination. Plaintiff expressly limits the cost of injunctive relief sought to $50,000 or less.

48. Plaintiff is entitled to statutory minimum damages pursuant to Civil Code § 52 for each and every offense; however, Plaintiff hereby expressly limits the amount of money such that the total amount Plaintiff seeks to for each and every offense shall not exceed $24,999.00.

49. Plaintiff is also entitled to reasonable attorneys' fees and costs.

## PRAYER

**WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:**

1. A preliminary and permanent injunction enjoining Defendant from further violations of the UCRA, Civil Code § 51 *et seq.* with respect to its website "www.Sprint.com."

2. A preliminary and permanent injunction requiring Defendant to take the steps necessary to make www.Sprint.com readily accessible to and usable by blind and visually-impaired individuals but Plaintiff hereby expressly limits the injunctive relief to require that Defendant expend no more than $50,000 thereon;

3. An award of statutory minimum damages of $4,000 per violation pursuant to § 52(a) of the California Civil Code;

4. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Civil Code § 52(a);

5. For pre-judgment interest to the extent permitted by law;

6. For costs of suit; and,

7. For such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: September 29, 2017

MANNING LAW, APC

By: _____
Joseph R. Manning Jr., Esq.
Attorneys for Plaintiff